Opinion issued May 30, 2002












In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-00-01330-CV

____________


NEUROBEHAVIORAL ASSOCIATES, P.A., Appellant


V.


CYPRESS CREEK HOSPITAL, INC., Appellee






On Appeal from the 127th District Court

Harris County, Texas

Trial Court Cause No. 95-29835






O P I N I O N This appeal arises from a contract and fraud dispute between appellant
Neurobehavioral Associates, P.A. and appellee Cypress Creek Hospital, Inc. 
Neurobehavioral's owner and sole director is John W. Cassidy, M.D. The Hospital
terminated the contract when it discovered that Neurobehavioral had filed articles of
dissolution with the secretary of state, on the theory that the dissolution terminated
Dr. Cassidy's employment with Neurobehavioral and, thus, violated a specific term
of the contract. Neurobehavioral sued the Hospital for unpaid services and filed
articles with the secretary of state to revoke its dissolution.

 The trial court rendered summary judgment that Neurobehavioral take nothing. 
In a prior appeal, we reversed and remanded, holding that Neurobehavioral was
entitled to revoke its previously-filed articles of dissolution and that material fact
issues existed regarding (1) Dr. Cassidy's status as an employee and (2) whether the
Hospital's actions constituted an anticipatory repudiation or breach of the contract. 
Neurobehavioral Assocs., P.A. v. Cypress Creek Hosp., Inc., 995 S.W.2d 326, 331-33
(Tex. App.--Houston [1st Dist.] 1999, no pet.).

 On remand, the trial court made the following pretrial legal rulings: (1) the
services contemplated by the contract were not necessary to "wind-up"
Neurobehavioral's affairs as a part of Neurobehavioral's dissolution; (2) Dr. Cassidy
was not Neurobehavioral's employee at the time the Hospital terminated the contract;
(3) the contract was validly terminated on May 7, 1995 (the date Neurobehavioral
received the Hospital's letter of termination); (4) the representations Neurobehavioral
relied on for its claim of fraud in the inducement of the contract were not the types
of representations that give rise to such a claim; (5) Neurobehavioral had no
employees for the purpose of the contract after the articles of dissolution were filed;
and (6) Neurobehavioral dissolved as a professional association on the date it filed
the articles of dissolution and was estopped from asserting an ex post facto revocation
of that dissolution. The trial court also based its ruling on numbers (1) and (6) on the
doctrine of law of the case from this Court's decision. The trial court's August 10,
2000 order memorializing these rulings does not indicate that the rulings were made
pursuant to either a written or oral motion filed by either of the parties. Neither the
clerk's record nor the reporter's record contains a pretrial objection to the court's
rulings.

 The case was tried to a jury on the issue of Neurobehavioral's claims for fraud,
unpaid fees up until May 7, 1995 (the date Neurobehavioral received the Hospital's
letter of termination), and attorney's fees. The trial court granted Neurobehavioral's
motion for a directed verdict on its claim for unpaid fees, and the parties stipulated
to $19,408.60 in damages. The trial court granted the Hospital's motion for directed
verdict that Neurobehavioral take nothing on its fraud claim because the trial court
did not allow Neurobehavioral to present any evidence at trial in light of the court's
pretrial ruling. The jury awarded Neurobehavioral $55,000 in attorney's fees through
trial, but nothing for any appeals. The trial court rendered judgment notwithstanding
the verdict that Neurobehavioral receive $25,000 in attorney's fees should the
Hospital unsuccessfully appeal.

 Neurobehavioral brings four issues. In issue one, Neurobehavioral claims the
trial court erred in ruling Neurobehavioral's dissolution was effective on the date the
articles of dissolution were filed, rather than the date the secretary of state issued
articles of dissolution. See Tex. Rev. Civ. Stat. Ann. art. 1528f, § 20 (Vernon 1997)
(dissolution shall become effective upon secretary of state's issuance of certificate of
dissolution). In issue two, Neurobehavioral challenges the trial court's ruling that Dr.
Cassidy was not Neurobehavioral's employee at the time the Hospital terminated the
contract. In issue three, Neurobehavioral challenges the trial court's ruling on its
fraud claims.

 On appeal, the Hospital contends that Neurobehavioral has waived issues one,
two, and three because it did not properly preserve error at trial. We agree. Issues
one, two, and three all relate to the trial court's pretrial rulings. The record does not
demonstrate that Neurobehavioral objected to those rulings before trial either orally
or in writing. See Tex. R. App. P. 33.1(a) (party complaining on appeal must make
complaint to trial court and obtain adverse ruling). To the extent Neurobehavioral
attempted to preserve error in a motion for directed verdict or for new trial, the
objection was untimely. Parties must timely object to legal issues so the jury can
properly perform its factfinding role. See Holland v. Wal-Mart Stores, Inc., 1 S.W.3d
91, 94 (Tex. 1999).

 We overrule issues one, two, and three.

 In issue four, Neurobehavioral claims it proved as a matter of law $100,316.80
in attorney's fees through trial. A party attempting to overcome an adverse fact
finding as a matter of law must surmount two hurdles. First, the record must be
examined for evidence that supports the jury's finding, while ignoring all evidence
to the contrary. Second, if there is no evidence to support the jury's finding, then the
entire record must be examined to see if the contrary proposition is established as a
matter of law. Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989);
Holley v. Watts, 629 S.W.2d 694, 696-97 (Tex. 1982).

 Neurobehavioral called Chuck King to testify at trial as an expert on attorney's
fees, and King testified that reasonable attorney's fees through trial were
$100,316.80. The Hospital cross-examined King on the reasonableness of the
claimed fees in light of the award to Neurobehavioral of approximately $19,000 in
actual damages. In response to the Hospital's question, King agreed that it was up
to the jury to decide whether it was reasonable to spend so much time litigating such
a small claim. In light of the Hospital's cross-examination, we hold there was some
evidence to support the jury's failure to find the full amount of attorney's fees sought
by Neurobehavioral.

 We overrule issue four.

 We affirm the trial court's judgment.



Sherry J. Radack

Justice


Panel consists of Chief Justice Schneider and Justices Taft and Radack.

Do not publish. Tex. R. App. P. 47.4