Opinion issued May 4, 2006











     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00816-CV




ASEP USA, INC., Appellant

V.

MICHAEL COLE, Appellee




On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2002-06622




O P I N I O N

          This is an appeal of the trial court’s award of $100,000 in damages plus
attorney’s fees to Michael Cole following a jury trial of his breach-of-employment
contract suit against his former employer, ASEP USA, Inc. (“ASEP USA”). In 10
issues, ASEP USA contends that the trial court erred in (1) denying ASEP USA’s
second motion for partial summary judgment; (2) submitting jury question No. 1 and
its accompanying instructions, overruling ASEP USA’s objection to this question,
and confusing the jury with conflicting instructions; (3) failing to state the theory of
recovery that underlies the final judgment, thus preventing ASEP USA from
presenting an adequate appeal; (4) failing to enforce a Rule 11 settlement agreement
that capped attorney’s fees; (5) awarding attorney’s fees, if the basis of the recovery
was promissory estoppel; and (6) awarding attorney’s fees in the event of an appeal
because there was no evidence to support these fees and the award was not
conditioned on a successful defense of the judgment.
          We reform the judgment to condition the award of attorney’s fees for the 
appeal upon a successful defense of the trial court’s judgment and, as reformed,
affirm.
Background
          Sietse J. Koopmans is the majority shareholder of ASEP Holding, BV, a
privately-held Dutch company. ASEP USA, ASEP America, Inc. (“ASEP America”),
ASEP Rentals, and ASEP Manufacturing are wholly-owned subsidiaries of ASEP
Holding. In its 2001 corporate tax return, ASEP USA identified ASEP America as
its parent corporation.
          Koopmans first met Cole while doing business with Cole’s former employer. 
In June 2000, the two men executed a written employment agreement in which
Koopmans, in his capacity as president of ASEP USA, hired Cole to be ASEP USA’s
general manager. The agreement provided that, if Cole terminated his employment,
Cole was not entitled to any further payments. However, the agreement also provided
that, if Cole was terminated by his employer, Cole was entitled to continue receiving
his salary for one year. The employment agreement provided, in pertinent part,:
          7.1     Employee shall have the right to terminate his employment
with the employer under this agreement for any reason
immediately upon written notice or oral notice to the
employer. After the date of termination, no further base
compensation of annual bonus will be due or payable to the
employee.
 
          7.2     The employer shall have the right to terminate the
employment of employee under this agreement for any
reason immediately upon written notice to employee. The
employer shall continue to pay employee his base
compensation for one year after the date of termination.

          . . . .
 
          10.3   This agreement may not be amended orally, but only by an
agreement in writing executed by employer and employee.

(Emphasis added.)
          In April 2001, as one of his functions as general manager, Cole executed a
client service agreement with Administaff in which Administaff agreed to provide
personnel management services to ASEP USA. Cole then signed an employment
agreement with Administaff as an individual employee of ASEP USA. This
employment agreement provided that the “Client Company” (ASEP USA) and
Administaff had agreed to a “co-employment relationship” but that the agreement
dealt only with Cole’s employment with Administaff. It further specified, 
“Termination of this Agreement may not necessarily terminate your employment with
Client Company.” In addition, the agreement provided that it did not alter the
employment agreement Koopmans and Cole had executed. The agreement provided,
in pertinent part,:
          13.     ENTIRE AGREEMENT. This Agreement supersedes any
and all other Agreements between Administaff and
Employee, either oral or in writing, with respect to the
employment of Employee by Administaff and contains all
the covenants and Agreements between the parties with
respect to such employment in any manner whatsoever and
in no way creates or alters any separate agreement Client
Company [ASEP USA] may have with Employee.

(Emphasis added.)

          In his role as ASEP USA’s general manager, Cole also undertook financial and
administrative responsibilities in regard to the other ASEP entities, including ASEP
America. The various ASEP entities were housed in one facility, shared common
employees, shared common offices, had a centralized accounting system, and used
Administaff to handle personnel management.
          In October 2001, Cole left his position as general manager of ASEP USA and
assumed the position of Vice-President of Finance & Administration of ASEP
America. The personnel form that accompanied this change is entitled “Employee
Change of Status Notice.” The form identifies Cole, states his new job title, and
shows a new location (“moved from USA to America”). Cole also moved to a new
office in the same building at the time of this change. 
          On January 3, 2002, Koopmans sent a letter to Cole terminating Cole’s
employment for cause, citing Cole’s “failure to perform your duties under the
employment agreement.” The letter closes, “Please consider this termination to be
effective immediately . . .” and is signed by Koopmans as “President of ASEP USA
Inc. by ASEP Holding B.V.” The accompanying Administaff form, completed on
January 9, 2002, is entitled “Employee Termination” and shows that Cole’s
employment was terminated on January 3, 2002 from ASEP America for
unsatisfactory job performance. His employment was simultaneously terminated
from Administaff.
          When Koopmans refused to pay Cole’s one-year compensation in accordance
with the employment agreement, Cole sued ASEP USA for breach of contract,
fraudulent inducement, fraudulent misrepresentation, promissory estoppel, and
negligent misrepresentation. After both parties filed motions for summary judgment
and after the trial court denied these motions, the case was tried to a jury.
          At the charge conference, ASEP USA objected to all five of the trial court’s
proposed jury questions. The trial court overruled these objections. After
deliberations, the jury made the following findings pursuant to the court’s charge:
QUESTION NUMBER 1: 
 
Did ASEP USA, Inc. fail to comply with the written agreement
signed by the parties [ASEP USA and Cole] dated June 13, 2000?
 
In order for you to answer “yes” to this question, you must find
that the written agreement remained in full force and effect between
October 6, 2001 and January 3, 2002. 

                    Answer: [Yes]
 
If your answer to Question No. 1 is “Yes,” then please answer the
following question. Otherwise, answer Question No. 3.
 
QUESTION NUMBER 2:
 
What sum of money, if any, if paid now in cash, would fairly and
reasonably compensate Michael D. Cole for his damages, if any, that
resulted from such failure to comply? 
 
In answering questions about damages, answer each question
separately. Do not increase or reduce the amount in one answer because
of your answer to any other question about damages. Do not speculate
about what any party’s ultimate recovery may or may not be. Any
recovery will be determined by the court when it applies the law to your
answers at the time of judgment. Do not add any amount for interest on
damages, if any.
 
Answer in dollar and cents, if any as to each of the following
elements:

                    Unpaid salary under Section 7.2 of the written agreement:

                    Answer: [$100,000.00]

                    Unpaid bonus under Section 3.5 of the written agreement:

                    Answer $ [Ø]

          QUESTION NUMBER 3:
 
Did Michael D. Cole substantially rely to his detriment on
promise made by ASEP USA, Inc., if any, and was this reliance
foreseeable by ASEP USA, Inc.?

                    Answer: [Yes] 
 
If your answer to Question No. 3 is “Yes,” then please answer the
following question. Otherwise, answer Question No. 5.
 
QUESTION NUMBER 4:
 
What sum of money, if any, if paid now in cash, would fairly and
reasonably compensate Michael D. Cole for his damages, if any, that
resulted from such failure to comply with its promises? 
 
In answering questions about damages, answer each question
separately. Do not increase or reduce the amount in one answer because
of your answer to any other question about damages. Do not speculate
about what any party’s ultimate recovery may or may not be. Any
recovery will be determined by the court when it applies the law to your
answers at the time of judgment. Do not add any amount for interest on
damages, if any.
 
Answer in dollars and cents for damages, if any as to each of the
following elements:
 
                    a.       Unpaid salary under Section 7.2 of the written agreement
 
                    Answer:       $[100,000.00]
 
                    b.       Unpaid bonus under Section 3.5 of the written agreement
 
                    Answer:       $[Ø]
 
QUESTION NUMBER 5:
 
What is a reasonable fee for the necessary services of Michael D.
Cole’s attorney in this case, stated in dollars and cents? 

                    Answer with an amount for each of the following? [sic]
                    a.       for preparation and trial?
                    Answer: $[36,093.25]
                    b.       for an appeal to the Court of Appeals?
                    Answer: $[25,000.00]
                    c.       for an appeal to the Supreme Court of Texas?
                    Answer: $[30,000.00]
          After the jury made its findings, the trial court denied ASEP USA’s motions
for judgment notwithstanding the verdict (JNOV) and for new trial and rendered
judgment on the verdict; this appeal ensued.
      Denial of ASEP USA’s Second Motion for Partial Summary Judgment
          In its first issue, ASEP USA contends that the trial court erred in denying its
second motion for partial summary judgment. ASEP USA argues that it was
undisputed that Cole had resigned from his position at ASEP USA; he had not been
terminated. Thus, ASEP USA contends that, pursuant to its express terms, the
contract dated June 13, 2000 was no longer in effect and, as a matter of law, ASEP 
USA did not owe any money to Cole under the contract. We disagree.
          It is well settled that a party cannot appeal the denial of a motion for summary
judgment. See Humphreys v. Caldwell, 888 S.W.2d 469, 470 (Tex. 1994); 
Neurobehavioral Assocs., P.A. v. Cypress Creek Hosp., 995 S.W.2d 326, 333 (Tex.
App.—Houston [1st Dist.] 1999, no pet.). An exception to this rule occurs when the
trial court grants the opposing party’s motion for summary judgment. See
Neurobehavioral, 995 S.W.2d at 333. Here, Cole’s motion for summary judgment
was also denied. However, in its motions for JNOV and new trial, ASEP USA
contended that there was no evidence to support the jury’s findings that it was liable
to pay Cole under the June 2000 contract. Therefore, we construe this point of error
as a challenge to the legal sufficiency of the evidence. See City of Keller v. Wilson,
168 S.W.3d 802, 823, 827 (Tex. 2005). 
          Evidence is legally sufficient when, considering only the evidence favorable
to the jury’s findings, more than a scintilla of evidence supports those findings. See
Formosa Plastics Corp., U.S.A. v. Presidio Eng’rs & Contractors, Inc., 960 S.W.2d
41, 48 (Tex. 1998). The record reflects that (1) Cole testified that he did not resign
or terminate his employment with ASEP USA; (2) the Administaff form that
accompanied Cole’s transfer to ASEP America referenced only a transfer, not a
termination, unlike the form that accompanied Cole’s termination as an employee of
the client company, ASEP USA, in January 2002; (3) there was no evidence admitted
to show that, in October 2001, Cole provided either oral or written notice of
termination to ASEP USA in accordance with the employment agreement; (4) there
was no evidence admitted to show that ASEP USA provided written notice of
termination to Cole in October 2001; and (5) Koopmans signed the January 2002
letter terminating Cole’s employment on behalf of ASEP USA, not ASEP America,
and noted in the letter that he was terminating the employment agreement Koopmans
and Cole had executed when Cole was originally hired to manage ASEP USA. The
January 2002 termination letter alone was more than a scintilla of evidence from
which the jury reasonably could have inferred that Koopmans, himself, considered
the employment agreement with ASEP USA to be in effect in January 2002, thus
requiring him to officially terminate Cole’s employment under that agreement. 
          Accordingly, we hold that the evidence was legally sufficient to support the
jury’s verdict, and we overrule ASEP USA’s first issue.
 Jury Questions
          In its third issue, ASEP USA contends that the trial court erred in overruling
its objection to the submission of Question No. 1 “because the jury was asked to
determine an undisputed fact.” In its second issue, ASEP USA contends that the trial
court erred in submitting Question No. 1 “without pleadings to support the theory of
alter ego or of common business enterprise.” In its fourth issue, ASEP USA contends
that the trial court erred by submitting Question No. 3 regarding promissory estoppel
because this issue was inconsistent with Question No. 1 and would confuse the jury. 
Standard of Review
          A trial court’s decision to submit or refuse a particular question or instruction
is reviewed under the abuse of discretion standard. Tex. Dep’t of Human Servs. v.
E.B., 802 S.W.2d 647, 649 (Tex. 1990). The test for abuse of discretion is not
whether, in the opinion of the reviewing court, the facts present an appropriate case
for the trial court’s actions. Rather, the question is whether the trial court acted
without reference to any guiding principles and law. Downer v. Aquamarine
Operators, Inc. 701 S. W. 2d 238, 241–42 (Tex. 1985). 
          Error in the charge is reversible if it “probably caused the rendition of an
improper judgment; or probably prevented the appellant from properly presenting the
case to the court of appeals.” Tex. R. App. P. 44.1(a); Island Recreational Dev. Corp.
v. Republic of Texas Savs. Ass’n, 710 S.W.2d 551, 555 (Tex. 1986); Prather v.
Brandt, 981 S.W.2d 801, 810 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). In
determining whether error is reversible, we must consider the record as a whole,
including the parties’ pleadings, the evidence presented at trial, and the charge in its
entirety. Island Recreational, 710 S.W.2d at 555. 
Question No. 1
          In its third issue, ASEP USA contends that the trial court erred in overruling
its objection to the submission of Question No. 1 “because the jury was asked to
determine an undisputed fact.” In its second issue, ASEP USA contends that the trial
court erred in submitting Question No. 1 “without pleadings to support the theory of
alter ego or of common business enterprise.”
          Question No. 1 as submitted to and answered by the jury read as follows: 
Question No. 1: Did ASEP USA, Inc. fail to comply with the written
agreement signed by the parties [ASEP USA and Cole] dated June 13,
2000? 
 
In order for you to answer ‘yes’ to this question, you must find that the
written agreement remained in full force and effect between October 6,
2001 and January 3, 2002. 

          With respect to Question No. 1, ASEP USA first argues that the trial court
erred by not submitting an instruction regarding the “controlling issue” to the
jury—whether ASEP USA’s failure to comply with the terms of the employment
contract was excused because, as of October 6, 2001, Cole no longer worked for
ASEP USA. ASEP USA argues that, without this instruction, Question No. 1
improperly asks the jury to determine an undisputed fact: whether ASEP USA failed
to comply with the terms of the employment contract. We hold that ASEP USA has
waived any review regarding the omission of this instruction from the charge.
          To preserve a complaint premised on a defective jury charge question for
appellate review, a party must bring the objectionable matter to the trial court’s
attention and state the basis for the the objection. Tex. R. Civ. P. 274; see Spencer
v. Eagle Star Ins. Co. of Am., 876 S.W.2d 154, 157 (Tex. 1994). The test for
preservation of the a jury charge complaint is whether the party made the trial court
aware of the complaint, timely and plainly, and obtained a ruling. State Dep’t of
Highways & Publ. Transp. v. Payne, 838 S.W.2d 235, 241 (Tex. 1992). 
          However, where an appellant contends that the trial court improperly omitted 
a question or instruction on an issue in the charge, the appellant must do more than
just object to preserve the issue on appeal. The failure to submit the question shall
not be deemed a ground for reversal of the judgment “unless a substantially correct
definition or instruction has been requested in writing and tendered by the party
complaining of the judgment.” Tex. R. Civ. P. 278; see Tex. Gen. Indem. Co. v.
Moreno, 638 S.W.2d. 908, 914 (Tex. App.—Houston [1st Dist.] 1982, no writ.) Thus,
an appellant does not preserve the issue of an omitted instruction or question for
appellate review unless the appellant: (1) tenders a written request to the trial court
for submission of the question, (2) which is “in substantially correct wording.” Tex.
R. Civ. P. 278; Tex. Dep’t of Hum. Servs. v. Hinds, 904 S.W.2d 629, 637–38 (Tex.
1995); Johns v. Ram-Forwarding, Inc., 29 S.W.3d 635, 638 (Tex. App.—Houston
[1st Dist.] 2000, no pet.).
            In this case, ASEP USA failed to submit a record on appeal establishing that
(1) ASEP USA made an objection that gave the trial court notice that an instruction
regarding “excuse of contract performance” should have been included in Question
No. 1 and that (2) ASEP USA tendered a written request to the trial court for the
inclusion of an instruction regarding excuse of performance that was in substantially
correct form. The following is the entirety of the appellate record regarding ASEP
USA’s objections to Question No. 1: 
ASEP USA’S COUNSEL: Your Honor, we would object to Question
No. 1 for its failure to include the instruction that we submitted in
our proposed jury charge.
 
          TRIAL COURT: Okay. Denied – or overruled.
 
ASEP USA’S COUNSEL: That’s my only objection.

          The referenced proposed jury instruction was not made a part of the appellate
record; nor was there any discussion at the charge conference regarding the alleged
“controlling issue” of excuse of performance. Given the record submitted on appeal,
we are unable to determine whether ASEP USA put the trial court on notice that an
instruction was necessary or whether ASEP USA’s proposed instruction was
“substantially correct.” Likewise, we cannot discern whether the objection to the
charge argued on appeal comports with the objection made at trial. Accordingly,
ASEP USA has waived any complaint of error on this issue, and we overrule the third
issue. Tex. R. Civ. P. 278; Tex. R. App. P. 33.1. 
          Next, ASEP USA contends that Question No. 1 was defective and the trial
court erred in submitting this question to the jury because the question required the
jury to make findings regarding the existence of alter ego and a common business
enterprise even though those issues were not supported by the pleadings. ASEP USA
also waived any error regarding this issue. As shown above, in the brief exchange
with the trial court during the charge conference, ASEP USA did not assert this basis
for objecting to Question No. 1 and thus did not preserve this issue on appeal. Tex.
R. Civ. P. 274. Accordingly, we overrule the second issue.
Question No. 3
          In its fourth issue, ASEP USA contends that the trial court erred by submitting
Question No. 3, regarding promissory estoppel, because this issue was inconsistent
with Question No. 1 and would confuse the jury. Specifically, ASEP USA argues that
breach of contract and the theory of promissory estoppel are mutually exclusive and
cannot be submitted in the same charge because one depends upon the existence of
a contract whereas the other depends on the absence of a contract. We disagree.
          Question No. 3, as submitted to and answered by the jury, read as follows: 
You are instructed to answer Question No. 3 only if you did not answer
“Yes” to Question No. 1. 
 
Question No. 3: Did Michael D. Cole substantially rely to his detriment
on promises made by ASEP USA, Inc., if any, and was this reliance
foreseeable by ASEP USA, Inc.? 

          The following is the entirety of the appellate record regarding ASEP’s
objections to Question No. 3: 
ASEP’S COUNSEL: We object to Question No. 3 being submitted at
all for the reason that it is inconsistent with the submission of the
breach of contract question, No. 1. 

          TRIAL COURT: Overruled.

          The submission of alternate theories of relief, including the apparently
contradictory theories of breach of contract and promissory estoppel, is not error. See
In re Kellogg Brown & Root, Inc., 166 S.W.3d 732, 740 (Tex. 2005). The trial court
may properly disregard the findings on promissory estoppel after the jury found that
there had been a breach of contract. See id.


 
          Accordingly, the trial court did not abuse its discretion in submitting Question
No. 3, and we overrule the fourth issue.
Proper Presentation of Appeal
          In its fifth issue, ASEP USA contends that the trial court erred by failing to
state the theory of recovery that formed the basis of the final judgment, thus
preventing ASEP USA from properly presenting its appeal. We disagree. 
          The judgment states that the theory of recovery for Cole’s damages is breach
of contract. The judgment provides in pertinent part as follows:
It is therefore ORDERED, ADJUDGED and DECREED that the
plaintiff be awarded the following according to the verdict submitted by
the jury:
 
1. The amount of $100,000.00 for the Defendant’s failure to comply
with the terms of the written agreement entered into between the parties.

(Emphasis added.)
          Accordingly ASEP USA is not in any way prevented from appealing this final
judgment, and this issue is overruled. 
 
                                                     Attorney’s Fees
Promissory Estoppel
          In its seventh issue, ASEP USA contends that the trial court erred in awarding
attorney’s fees if the award was based on promissory estoppel. Because the award
was based on breach of contract, not promissory estoppel, we hold that the trial court
did not err in awarding attorney’s fees.
          We overrule the seventh issue.
Rule 11 Agreement
          In its sixth and eighth issues, ASEP USA contends that the trial court should
have enforced the parties’ Rule 11 agreement, which set the maximum amount of
attorney’s fees. We disagree. 
          The letter on which ASEP USA relies was not a “Rule 11 agreement.” Rule
11 provides that no agreement between attorneys or parties will be enforced unless
it is in writing, signed, and filed with the court. Tex. R. Civ. P. 11. Here, the letter
at issue was signed only by one party. Thus, it was not a valid Rule 11 agreement,
and the trial court did not err in awarding attorney’s fees in an amount greater than
the amount referenced in the letter. See id.
          We overrule the sixth and eighth issues.
Appellate Fees
          In its ninth issue, ASEP USA contends that there was no evidence to support
an award of more than $25,000 in attorney’s fees for an appeal. 
          The reasonableness of attorney’s fees is a fact question for the jury. See
Ragsdale v. Progressive Voters League, 801 S.W.2d 880, 882 (Tex. 1990). In
reviewing an attorney’s fee award for excessiveness, we may draw upon our common
knowledge as justices of the court and our experience as lawyers and judges. C.M.
Asfahl Agency v. Tensor, Inc., 135 S.W.3d 768, 802 (Tex. App.—Houston [1st Dist.]
2004, no pet.). Factors we may consider in determining whether attorney’s fees are
reasonable include the following:
(1)the time and labor required, the novelty and difficulty of the
questions involved, and the skill required to perform the legal
service properly;
 
(2)the likelihood . . . that the acceptance of the particular
employment will preclude other employment by the lawyer;
 
(3)the fee customarily charged in the locality for similar legal
services;
 
(4)the amount involved and the results obtained;
 
(5)the time limitations imposed by the client or by the
circumstances;
 
(6)the nature and length of the professional relationship with the
client;
 
(7)the experience, reputation, and ability of the lawyer or lawyers
performing the services; and
 
(8)whether the fee is fixed or contingent on results obtained or
uncertainty of collection before the legal services have been
rendered.

Arthur Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818 (Tex. 1997); 
Asfahl, 135 S.W.3d at 802. We must be mindful, however, that we are reviewing a
jury’s verdict and may not substitute our judgment for that of the fact finder. Asfahl,
135 S.W.3d at 803.
          Cole’s trial counsel offered expert-witness testimony in support of the
attorney’s fees sought for trial and appeal. The expert testified that labor and
employment law is a legally intensive discipline and that he had spent approximately
180 hours on Cole’s case. The fee agreement included a reduced fee of $95 per hour,
with a $10,000 cap, plus a 20% contingency fee on damages awarded, plus an
additional 25% contingency fee in the event of an appeal. The trial court admitted
counsel’s supporting documentation, including invoices and time sheets. ASEP USA
questioned Cole’s counsel, but did not offer any rebuttal evidence. The jury’s award
of $25,000 in the event of an appeal to this Court was exactly 25% of the damages
awarded—$100,000—and the award of $30,000 in the event of an appeal to the
Texas Supreme Court was approximately 25% of the damages awarded plus
attorney’s fees for the appeal to an intermediate court. 
          Having reviewed the evidence in light of the Arthur Andersen factors, we
conclude that there was more than a scintilla of evidence to support the jury’s award
of attorney’s fees in the event of an appeal. See Arthur Andersen, 945 S.W.2d at 818.
          We overrule the ninth issue.
Conditional Award
          In its 10th and final issue, ASEP USA contends that the trial court erred by
entering a judgment for attorney’s fees without conditioning the award upon a
successful defense of the judgment. We agree. 
          The record reflects that this condition was not made part of the judgment. 
Reasonable attorney’s fees should be contingent upon the success of the appeal. See
Pao v. Brays Village E. Homeowners Ass’n, Inc., 905 S.W.2d 35, 38–39 (Tex.
App.—Houston [1st Dist.] 1995, no writ). The proper remedy is for this Court to
reform the judgment and thus we sustain this issue. See id.
Conclusion
          We reform the judgment to read that, in the event of appeal by ASEP USA, the
award of additional attorney’s fees to Cole is conditioned upon Cole’s prevailing on
appeal. As reformed, we affirm the trial court’s judgment.
 
                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Justices Taft, Keyes, and Hanks.