**Tom RIDOUT, dba Ridout Paving Company, Appellant,**

v.

**MOBILE HOUSING, INC., Appellee.**

**No. 12055.**

Court of Civil Appeals of Texas, Austin.

June 27, 1973.

Rehearing Denied July 18, 1973.

Richard T. McCarroll, Clark, Thomas, Harris, Denius & Winters, Austin, for appellant.

J. C. B. Aler, Weinberg, Sandoloski & Hines, Dallas, for appellee.

PHILLIPS, Chief Justice.

Appellant filed suit for damages and attorney's fees when appellee stopped payment on its check given as payment pursuant to a written contract for paving work done by appellant for appellee's mobile home sales lot. Appellee's defense was that the work had not been done in a good and workmanlike manner; however, the jury rejected this defense.

In response to the special issue concerning attorney's fees, the jury awarded appellant $1,500 as reasonable and necessary attorney's fees for prosecuting the lawsuit against appellee. The trial court on its own motion disregarded the jury's answer to this special issue and entered judgment for an amount of money which represented the agreed price for the work pursuant to the contract between the parties.

We affirm this judgment.

Appellant is now before us complaining that the trial court erred in disregarding the jury's award of the attorney's fees.

■ First, appellant contends that the established rule in Texas is that the court's authority to disregard jury findings may be exercised only upon motion and reasonable notice and the court has no authority to disregard a finding without such motion and notice. Appellant cites Rule 301,[1] Texas Rules of Civil Procedure and Reed v. Enright, 488 S.W.2d 596 (Tex.Civ. App. Dallas 1972, no writ) as authority. We hold that the jury's answer to the special issue may be disregarded as immaterial either on the court's own motion or otherwise under Rule 301, Tex.R.Civ.P. First American Life Insurance Co. v. Slaughter, 400 S.W.2d 590 (Tex.Civ.App., 1966, writ ref. n.r.e.); Pigg v. International Hospitals, Inc., 421 S.W.2d 169 (Tex. Civ.App., 1967, writ ref. n.r.e.). These two cases hold that under Rule 301, Tex. R.Civ.P. an "immaterial" issue may be disregarded on the court's own motion. Reed v. Enright, cited by appellant, is in accord. An issue is clearly "immaterial" when a finding by the jury is inapplicable to the

1. Rule 301, Tex.R.Civ.P. is as follows:
   "The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity. Provided, that upon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that

the court may, upon like motion and notice, disregard any Special Issue Jury Finding that has no support in the evidence. Only one final judgment shall be rendered in any cause except where it is otherwise specially provided by law. Judgment may, in a proper case, be given for or against one or more of several plaintiffs, and for or against one or more of several defendants or intervenors."

case. We overrule the contention that the court's action was erroneous.

■ We also overrule appellant's contention that attorney's fees are recoverable under Article 2226,[2] Vernon's Ann.Texas Civil Statutes, because appellant furnished labor and materials to appellee and presented demand for payment to appellee more than 30 days prior to suit.

■ Article 2226 is penal in character, and, consequently, should be construed strictly against the claimant. Van Zandt v. Ft. Worth Press, 359 S.W.2d 893 (Tex. Sup.1962) ; Tenneco Oil Co. v. Padre Drilling Co., Inc., 453 S.W.2d 814 (Tex.Sup. 1970).

Appellant, a paving contractor, was employed under contract to do a "turn key" job. This type of contract is similar to the drilling contract made the basis of suit in Tenneco, supra. There, as in the case at bar, if recovery was to be had under Article 2226, the Supreme Court stated that it must be for personal services rendered, for labor done or for material furnished. The court in describing the type of contract that we have before us stated: "The legislative history of Article 2226, as well as its present wording,[3] indicates that claims based on contracts of the type involved in this case do not fall into any of the three classes."

■ In Tenneco the court described personal services as "only those claims for services rendered by the claimant personally." Van Zandt v. Fort Worth Press, 359 S.W.2d 893 (Tex.Sup.1962). Appellant maintains that since the word "personal" was deleted as a modifier of the word "services" in the 1971 amendment to Article 2226, that a corporation or any other entity may render personal services. We think not. The general common law rule is to disallow attorney's fees in the absence of a contract to the contrary, Van Zandt, supra. Consequently a statute that creates a liability unknown to the common law will be strictly construed. Farmer's and Mechanics Nat. Bank v. Hanks, 104 Tex. 320, 137 S.W. 1120 (1911) ; Satterfield v. Satterfield, 448 S.W.2d 456 (Tex.Sup.1969).

The obvious purpose of the amendment in question was to allow the amount prescribed in the Current State Bar Minimum Fee Schedule as prima facie evidence of reasonable attorney's fees. It would strain credulity to hold in the light of the legislative history of Article 2226 as related in Tenneco and the case law[4] since the passage of the amendment, that the legislature has authorized such a radical departure from the time honored purpose of the law. We also note that the amendment in question made no changes in the requirements of "labor done," or for "materials furnished."

We also hold that in the light of Tenneco's definition of "labor done" or for "materials furnished," appellant is also fore-

---

2. Art. 2226, Vernon's Civil Statutes, is as follows:

"Any person, corporation, partnership, or other legal entity having a valid claim against a person or corporation for services rendered, labor done, material furnished, overcharges on freight or express, lost or damaged freight or express, or stock killed or injured or suits founded upon a sworn account or accounts, may present the same to such persons or corporation or to any duly authorized agent thereof ; and if, at the expiration of 30 days thereafter, the claim has not been paid or satisfied, and he should finally obtain judgment for any amount thereof as presented for payment to such persons or corporation, he may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees. The amount prescribed in the current State Bar Minimum Fee Schedule shall be prima facie evidence of reasonable attorney's fees. The court, in non-jury cases, may take judicial knowledge of such schedule and of the contents of the case file in determining the amount of attorney's fees without the necessity of hearing further evidence."

3. At this time the amendment of Article 2226 effective May 17, 1971, had not been passed.

4. Mauldin v. Sullivan, 484 S.W.2d 157 (Tex.Civ.App., 1972, writ ref. n. r. e.).

closed. A claim for "labor done" is a claim for physical exertion type of personal service. This is not what we have before us in the paving job let by contract. *Tenneco* cites with approval Sparks v. Crescent Lumber Co., 40 Tex.Civ.App. 222, 89 S.W. 423 (1905, writ ref.). This case described a laborer as follows: "The word 'laborer' means one who labors with his hands for wages, and does not include one who contracts for the hauling of lumber with his wagon and team at a fixed price per 1,000 feet of lumber hauled."

Nor has appellant "furnished material" under the court's definition. The materials furnished in the case at bar were actually furnished to appellant itself so that it could fulfill its contract.

The judgment of the trial court is affirmed.

Affirmed.