Reversed in part; judgment rendered; and otherwise affirmed.

**Robert DOBBINS, Appellant,**

v.

**Roy REDDEN, Appellee.**

No. 04-88-00027-CV.

Court of Appeals of Texas,
San Antonio.

Sept. 14, 1988.
Rehearing Denied Oct. 18, 1988.

**478**

Donald S. Bayne, Johnson & Christopher, San Antonio, for appellant.

John M. Ware, Uvalde, for appellee.

Before ESQUIVEL, BUTTS and CHAPA, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a judgment against Robert Dobbins, appellant. The central issue on appeal is whether the trial court properly disregarded certain jury findings.

In July 1985, the parties entered into an agreement wherein Roy Redden, appellee, agreed to construct a tank and dam on Dobbins' property in Uvalde County. Redden initially sued Dobbins on a sworn account, alleging that $14,905.00 was still owed for his services on the project. He also sought foreclosure on a builders' and mechanics' lien. In addition he asked for attorney fees. (The foreclosure matter is not part of the appeal.) Dobbins filed a sworn denial alleging affirmative defenses of failure of consideration, payment, set-off, accord and satisfaction. He further counterclaimed for breach of contract and violations of the Deceptive Trade Practices–Consumer Protection Act (DTPA). TEX.BUS. & COM.CODE ANN. § 17.41 *et seq.* (Vernon 1973).

The jury found that Redden had constructed the tank in a good and workmanlike manner, that Dobbins had agreed to pay for Redden's services, and that Dobbins presently owed $14,905.00 as the balance due for services. However, the jury also found that Redden had failed to perform all of his obligations under the agreement to construct the tank and dam and that the reasonable cost to repair or complete the tank and dam would be $10,000.00. The trial court apparently disregarded these last two findings and entered judgment in favor of Redden for $14,905.00 and attorney fees.

In his first two points of error, Dobbins argues that the trial court erred by denying his motion to reform the judgment because of the finding that Redden had breached the contract. He also argues that Redden failed to plead, prove, or submit issues on quantum meruit and therefore the court could not properly award damages on this theory, and, further, that the trial court lacked jurisdiction to disregard, on its own motion, the jury's findings on appellant's counterclaim. He requests reversal or alternatively that the judgment be reformed by setting off of the $10,000.00 found by the jury against the sum awarded to Redden.

The chief complaint is that the trial court improperly disregarded the jury's findings that Redden had breached the contract and that appellant had been damaged in the amount of $10,000.00. The jury answered, along with other questions, the following two:

### SPECIAL ISSUE NO. 7B

Do you find that Redden failed to perform all of his obligations to Dobbins under the agreement to construct the tank and dam?
ANSWER: "Yes."

SPECIAL ISSUE NO. 26

What sum of money, if any, do you find would reasonably compensate Dobbins for the following damages?

B. The reasonable and necessary cost to repair or complete the tank and dam. ANSWER: "$10,000.00."

A trial court may disregard the jury's finding on immaterial issues and render judgment based upon the remaining findings. *C. & R. Transport, Inc. v. Campbell*, 406 S.W.2d 191, 194 (Tex.1966); *Brown v. Armstrong*, 713 S.W.2d 725 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *J.R. Neatherlin Corp. v. Baughman*, 580 S.W.2d 129, 130 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). Moreover a trial court on its own motion may disregard the jury's answer to immaterial issues. However, when the issue is material the judgment must conform to the finding. *Southern Pacific Transportation Co. v. Allen*, 525 S.W.2d 300, 304 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ); *Ridout v. Mobile Housing, Inc.*, 497 S.W.2d 66, 67 (Tex.Civ.App.—Austin 1973, writ ref'd n.r.e.). An issue is immaterial when it should not have been presented to the jury and such finding is inapplicable to the case. *Robberson Steel, Inc. v. J.D. Abrams, Inc.*, 582 S.W.2d 558, 564 (Tex. Civ.App.—El Paso 1979, no writ); *Ridout v. Mobile Housing, Inc.*, 497 S.W.2d at 67–68.

Here, there is evidence of an oral agreement (contract) between the parties providing for construction of the tank and dam. A special issue may be disregarded, even though properly submitted, where it has been rendered immaterial by other findings. *Blue Bell, Inc. v. Isbell*, 545 S.W.2d 563, 566 (Tex.Civ.App.—El Paso 1976, no writ); *Saper v. Rodgers*, 418 S.W.2d 874, 877 (Tex.Civ.App.—Houston [1st Dist.] 1967, writ ref'd n.r.e.). The jury in the instant case found that the services performed by Redden were done in a good workmanlike manner, that Dobbins agreed to pay him $85.00 per hour, that the amount presently due for services rendered was $14,905.00. The jury found in favor of Redden on all DTPA issues, including a finding that the construction was in fact performed in a skillful and workmanlike manner. The jury also specifically found that no misrepresentation or breach of warranty was committed by Redden.

Although these findings were in favor of Redden, the jury also found that Redden failed to perform all of his obligations under the agreement to construct the tank and dam, and that the reasonable and necessary costs to repair or complete the tank and dam was $10,000.00.

Rule 301 of the Texas Rules of Civil Procedure provides, in part, that the judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity. "Provided, that upon motion and reasonable notice the court may ... disregard any Special Issue Jury Finding[1] that has no support in the evidence...." TEX.R.CIV.P. 301 (Vernon 1977).

In this case there was no motion by Redden that the court disregard the two jury findings. The judgment does not mention disregarding the findings, although that clearly was done.

The evidence was that both parties thought the stock tank and dam could be built for the sum of $10,000.00. That is the sum that Dobbins paid Redden. The evidence further showed that Redden confronted "core" problems on the construction. He was unable to establish a bottom. He testified that Dobbins told him to continue the work even though it would cost more than $10,000.00, while Dobbins testified that his stated and final cost would be only that amount. There was conflicting evidence whether Redden was told to leave the work unfinished or whether he abandoned the project. In any event, the evidence established that the tank and dam were not completed and were not functioning.

We agree with Dobbins that the pleadings and evidence supported an issue on

1. Rule 301 now labels "special issues" as "questions." TEX.R.CIV.P. 301 (Vernon Supp.1988).

the failure of Redden to perform his obligations under the agreement. There is no controverting evidence rebutting the fact of an oral contract. The trial court is required to submit only controverted issues, and no jury finding is necessary to establish undisputed facts. *Wright v. Vernon Compress Co.*, 156 Tex. 474, 296 S.W.2d 517, 523 (1957). The fact of the pleaded oral contract was established conclusively by the evidence, the disputed evidence going to its terms and not its existence. Consequently that fact was not required to be submitted to the jury. *Id.*

█ The trial court in rendering judgment upon a special issue verdict, must construe such verdict as a whole in the light of the pleadings and the evidence. *Stalder v. Bowen*, 373 S.W.2d 824, 828 (Tex.Civ.App.—Dallas 1963, writ ref'd n.r. e.). Here the jury found that Redden contracted to construct the tank and dam. Redden testified the agreed hourly rate was $85.00. In finding that a balance was due to be paid Redden, the jury impliedly found he did not agree to do all the unforeseen additional work for $10,000.00.

But the finding of these matters in favor of Redden plus the finding that he performed his work [to the point when he stopped] in a good and workmanlike manner would not render the jury findings in favor of Dobbins immaterial. If the jury had answered that Redden had not failed to perform his obligations under the agreement, then the answer to the damages issue could have been properly disregarded by the trial court, on its own motion, as having been rendered immaterial. *See, e.g., Yarbrough v. Helmerich & Payne, Inc.*, 616 S.W.2d 444 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ).

It is plain that only when the issue is material must the judgment conform to the finding. *Massie v. Hutcheson*, 270 S.W. 544 (Tex.Comm'n App.1925, judgmt adopted). If the instant two issues were immaterial then they were properly disregarded by the court. If they were material, then the trial court did not have the power to disregard them and committed reversible error. *Southern Pacific Transportation Co. v. Allen*, 525 S.W.2d 300, 305 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ).

Dobbins asserted a counterclaim under TEX.R.CIV.P. 97, alleging damages. The jury answered both the failure to perform obligations issue and the damages issue in favor of Dobbins. Thus he carried his burden of proof on each; there is evidence supporting each issue. Breach of the agreement, as proved, will support the counterclaim for damages and a set-off of such damages against the amount recovered for work done by Redden. Therefore, the findings by the jury, supported by the pleadings and evidence cannot be considered immaterial and cannot be disregarded by the court. We hold the two findings were material, and the judgment must conform to the jury verdict. Points of error one and two are sustained as to require a set-off. However, we do not sustain the argument as to quantum meruit and do not find it relevant to disposition of the case.

█ We find no merit in Dobbins' claim for attorney fees. All issues for recovery on the DTPA theory were answered adversely to him; therefore, attorney fees are not mandated thereon. Although this is a breach of contract action, we cannot find there was compliance with TEX. CIV.PRAC. & REM.CODE ANN. § 38.002 (Vernon 1986), in that no presentment of a claim for attorney fees was ever made. *See Western Casualty & Surety Co. v. Preis*, 695 S.W.2d 579, 589 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.). Therefore, the third point of error is overruled.

We reverse that portion of the judgment denying recovery to Dobbins on his counterclaim. The judgment is hereby rendered that the sum of $10,000.00 awarded Dobbins be set-off against the sum of $14,905.00 awarded Redden. We decline to order equitable prejudgment interest on Dobbins' counterclaim. In all other respects the judgment is affirmed. Costs are taxed one-half against each party.