**ASEP USA, INC., Appellant,**

v.

**Michael COLE, Appellee.**

**No. 01–03–00816–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

May 4, 2006.

Rehearing Overruled June 1, 2006.

---

F.E. Billings, Billings & Solomon, P.C., Houston, TX, for ASEP USA, Inc.

Patricia R. Haylon, Mark Siurek, Warren & Siurek, L.L.P., Houston, TX, for Michael Cole.

Panel consists of Justices TAFT, KEYES, and HANKS.

## OPINION

GEORGE C. HANKS, JR., Justice.

This is an appeal of the trial court's award of $100,000 in damages plus attorney's fees to Michael Cole following a jury trial of his breach-of-employment contract suit against his former employer, ASEP USA, Inc. ("ASEP USA"). In 10 issues, ASEP USA contends that the trial court erred in (1) denying ASEP USA's second motion for partial summary judgment; (2) submitting jury question No. 1 and its accompanying instructions, overruling ASEP USA's objection to this question, and confusing the jury with conflicting instructions; (3) failing to state the theory of recovery that underlies the final judgment, thus preventing ASEP USA from presenting an adequate appeal; (4) failing to enforce a Rule 11 settlement agreement that capped attorney's fees; (5) awarding attorney's fees, if the basis of the recovery was promissory estoppel; and (6) awarding attorney's fees in the event of an appeal because there was no evidence to support

these fees and the award was not conditioned on a successful defense of the judgment.

We reform the judgment to condition the award of attorney's fees for the appeal upon a successful defense of the trial court's judgment and, as reformed, affirm.

## Background

Sietse J. Koopmans is the majority shareholder of ASEP Holding, BV, a privately-held Dutch company. ASEP USA, ASEP America, Inc. ("ASEP America"), ASEP Rentals, and ASEP Manufacturing are wholly-owned subsidiaries of ASEP Holding. In its 2001 corporate tax return, ASEP USA identified ASEP America as its parent corporation.

Koopmans first met Cole while doing business with Cole's former employer. In June 2000, the two men executed a written employment agreement in which Koopmans, in his capacity as president of ASEP USA, hired Cole to be ASEP USA's general manager. The agreement provided that, if Cole terminated his employment, Cole was not entitled to any further payments. However, the agreement also provided that, if Cole was terminated by his employer, Cole was entitled to continue receiving his salary for one year. The employment agreement provided, in pertinent part,:

7.1 Employee shall have the right to terminate his employment with the employer under this agreement for any reason immediately upon written notice or oral notice to the employer. After the date of termination, no further base compensation of annual bonus will be due or payable to the employee.

7.2 *The employer shall have the right to terminate the employment of employee under this agreement for*

any reason immediately upon written notice to employee. *The employer shall continue to pay employee his base compensation for one year after the date of termination.*

. . . .

> 10.3 This agreement may not be amended orally, but only by an agreement in writing executed by employer and employee.

(Emphasis added.)

In April 2001, as one of his functions as general manager, Cole executed a client service agreement with Administaff in which Administaff agreed to provide personnel management services to ASEP USA. Cole then signed an employment agreement with Administaff as an individual employee of ASEP USA. This employment agreement provided that the "Client Company" (ASEP USA) and Administaff had agreed to a "co-employment relationship" but that the agreement dealt only with Cole's employment with Administaff. It further specified, "Termination of this Agreement may not necessarily terminate your employment with Client Company." In addition, the agreement provided that it did not alter the employment agreement Koopmans and Cole had executed. The agreement provided, in pertinent part,:

> 13. ENTIRE AGREEMENT. *This Agreement* supersedes any and all other Agreements between Administaff and Employee, either oral or in writing, with respect to the employment of Employee by Administaff and contains all the covenants and Agreements between the parties with respect to such employment in any manner whatsoever and *in no way creates or alters any separate agreement Client Compa-ny [ASEP USA] may have with Employee.*

(Emphasis added.)

In his role as ASEP USA's general manager, Cole also undertook financial and administrative responsibilities in regard to the other ASEP entities, including ASEP America. The various ASEP entities were housed in one facility, shared common employees, shared common offices, had a centralized accounting system, and used Administaff to handle personnel management.

In October 2001, Cole left his position as general manager of ASEP USA and assumed the position of Vice–President of Finance & Administration of ASEP America. The personnel form that accompanied this change is entitled "Employee Change of Status Notice." The form identifies Cole, states his new job title, and shows a new location ("moved from USA to America"). Cole also moved to a new office in the same building at the time of this change.

On January 3, 2002, Koopmans sent a letter to Cole terminating Cole's employment for cause, citing Cole's "failure to perform your duties under the employment agreement." The letter closes, "Please consider this termination to be effective immediately . . ." and is signed by Koopmans as "President of ASEP USA Inc. by ASEP Holding B.V." The accompanying Administaff form, completed on January 9, 2002, is entitled "Employee Termination" and shows that Cole's employment was terminated on January 3, 2002 from ASEP America for unsatisfactory job performance. His employment was simultaneously terminated from Administaff.

When Koopmans refused to pay Cole's one-year compensation in accordance with the employment agreement, Cole sued ASEP USA for breach of contract, fraudulent inducement, fraudulent misrepresentation, promissory estoppel, and negligent

misrepresentation. After both parties filed motions for summary judgment and after the trial court denied these motions, the case was tried to a jury.

At the charge conference, ASEP USA objected to all five of the trial court's proposed jury questions. The trial court overruled these objections. After deliberations, the jury made the following findings pursuant to the court's charge:

QUESTION NUMBER 1:

Did ASEP USA, Inc. fail to comply with the written agreement signed by the parties [ASEP USA and Cole] dated June 13, 2000?

In order for you to answer "yes" to this question, you must find that the written agreement remained in full force and effect between October 6, 2001 and January 3, 2002.

Answer: [Yes]

If your answer to Question No. 1 is "Yes," then please answer the following question. Otherwise, answer Question No. 3.

QUESTION NUMBER 2:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Michael D. Cole for his damages, if any, that resulted from such failure to comply?

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer in dollar and cents, if any as to each of the following elements:

Unpaid salary under Section 7.2 of the written agreement:

Answer: [$100,000.00]

Unpaid bonus under Section 3.5 of the written agreement:

Answer $ [Ø]

QUESTION NUMBER 3:

Did Michael D. Cole substantially rely to his detriment on promise made by ASEP USA, Inc., if any, and was this reliance foreseeable by ASEP USA, Inc.?

Answer: [Yes]

If your answer to Question No. 3 is "Yes," then please answer the following question. Otherwise, answer Question No. 5.

QUESTION NUMBER 4:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Michael D. Cole for his damages, if any, that resulted from such failure to comply with its promises?

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer in dollars and cents for damages, if any as to each of the following elements:

a. Unpaid salary under Section 7.2 of the written agreement

Answer: $[100,000.00]

b. Unpaid bonus under Section 3.5 of the written agreement

Answer: $[Ø]

QUESTION NUMBER 5:

What is a reasonable fee for the necessary services of Michael D. Cole's attorney in this case, stated in dollars and cents?

Answer with an amount for each of the following? [sic]

a. for preparation and trial?

Answer: $[36,093.25]

b. for an appeal to the Court of Appeals?

Answer: $[25,000.00]

c. for an appeal to the Supreme Court of Texas?

Answer: $[30,000.00]

After the jury made its findings, the trial court denied ASEP USA's motions for judgment notwithstanding the verdict (JNOV) and for new trial and rendered judgment on the verdict; this appeal ensued.

## Denial of ASEP USA's Second Motion for Partial Summary Judgment

In its first issue, ASEP USA contends that the trial court erred in denying its second motion for partial summary judgment. ASEP USA argues that it was undisputed that Cole had resigned from his position at ASEP USA; he had not been terminated. Thus, ASEP USA contends that, pursuant to its express terms, the contract dated June 13, 2000 was no longer in effect and, as a matter of law, ASEP USA did not owe any money to Cole under the contract. We disagree.

■ It is well settled that a party cannot appeal the denial of a motion for summary judgment. *See Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex.1994); *Neurobehavorial Assocs., P.A. v. Cypress Creek Hosp.*, 995 S.W.2d 326, 333 (Tex. App.-Houston [1st Dist.] 1999, no pet.). An exception to this rule occurs when the trial court grants the opposing party's mo-

tion for summary judgment. *See Neurobehavorial*, 995 S.W.2d at 333. Here, Cole's motion for summary judgment was also denied. However, in its motions for JNOV and new trial, ASEP USA contended that there was no evidence to support the jury's findings that it was liable to pay Cole under the June 2000 contract. Therefore, we construe this point of error as a challenge to the legal sufficiency of the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 823, 827 (Tex.2005).

■ Evidence is legally sufficient when, considering only the evidence favorable to the jury's findings, more than a scintilla of evidence supports those findings. *See Formosa Plastics Corp., U.S.A. v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex.1998). The record reflects that (1) Cole testified that he did not resign or terminate his employment with ASEP USA; (2) the Administaff form that accompanied Cole's transfer to ASEP America referenced only a transfer, not a termination, unlike the form that accompanied Cole's termination as an employee of the client company, ASEP USA, in January 2002; (3) there was no evidence admitted to show that, in October 2001, Cole provided either oral or written notice of termination to ASEP USA in accordance with the employment agreement; (4) there was no evidence admitted to show that ASEP USA provided written notice of termination to Cole in October 2001; and (5) Koopmans signed the January 2002 letter terminating Cole's employment on behalf of ASEP USA, not ASEP America, and noted in the letter that he was terminating the employment agreement Koopmans and Cole had executed when Cole was originally hired to manage ASEP USA. The January 2002 termination letter alone was more than a scintilla of evidence from which the jury reasonably could have inferred that Koopmans, himself, considered the em-

ployment agreement with ASEP USA to be in effect in January 2002, thus requiring him to officially terminate Cole's employment under that agreement.

Accordingly, we hold that the evidence was legally sufficient to support the jury's verdict, and we overrule ASEP USA's first issue.

## Jury Questions

In its third issue, ASEP USA contends that the trial court erred in overruling its objection to the submission of Question No. 1 "because the jury was asked to determine an undisputed fact." In its second issue, ASEP USA contends that the trial court erred in submitting Question No. 1 "without pleadings to support the theory of alter ego or of common business enterprise." In its fourth issue, ASEP USA contends that the trial court erred by submitting Question No. 3 regarding promissory estoppel because this issue was inconsistent with Question No. 1 and would confuse the jury.

### Standard of Review

■ A trial court's decision to submit or refuse a particular question or instruction is reviewed under the abuse of discretion standard. *Tex. Dep't of Human Servs. v. E.B.*, 802 S.W.2d 647, 649 (Tex.1990). The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's actions. Rather, the question is whether the trial court acted without reference to any guiding principles and law. *Downer v. Aquamarine Operators, Inc.* 701 S.W.2d 238, 241–42 (Tex.1985).

■ Error in the charge is reversible if it "probably caused the rendition of an improper judgment; or probably prevented the appellant from properly presenting the case to the court of appeals." TEX. R.APP. P. 44.1(a); *Island Recreational Dev.*

*Corp. v. Republic of Texas Savs. Ass'n,* 710 S.W.2d 551, 555 (Tex.1986); *Prather v. Brandt,* 981 S.W.2d 801, 810 (Tex.App.-Houston [1st Dist.] 1998, pet. denied). In determining whether error is reversible, we must consider the record as a whole, including the parties' pleadings, the evidence presented at trial, and the charge in its entirety. *Island Recreational,* 710 S.W.2d at 555.

### Question No. 1

In its third issue, ASEP USA contends that the trial court erred in overruling its objection to the submission of Question No. 1 "because the jury was asked to determine an undisputed fact." In its second issue, ASEP USA contends that the trial court erred in submitting Question No. 1 "without pleadings to support the theory of alter ego or of common business enterprise."

Question No. 1 as submitted to and answered by the jury read as follows:

*Question No. 1:* Did ASEP USA, Inc. fail to comply with the written agreement signed by the parties [ASEP USA and Cole] dated June 13, 2000?

In order for you to answer 'yes' to this question, you must find that the written agreement remained in full force and effect between October 6, 2001 and January 3, 2002.

■ With respect to Question No. 1, ASEP USA first argues that the trial court erred by not submitting an instruction regarding the "controlling issue" to the jury—whether ASEP USA's failure to comply with the terms of the employment contract was excused because, as of October 6, 2001, Cole no longer worked for ASEP USA. ASEP USA argues that, without this instruction, Question No. 1 improperly asks the jury to determine an undisputed fact: whether ASEP USA failed to comply with the terms of the

employment contract. We hold that ASEP USA has waived any review regarding the omission of this instruction from the charge.

■ To preserve a complaint premised on a defective jury charge question for appellate review, a party must bring the objectionable matter to the trial court's attention and state the basis for the the objection. TEX.R. CIV. P. 274; *see Spencer v. Eagle Star Ins. Co. of Am.*, 876 S.W.2d 154, 157 (Tex.1994). The test for preservation of the a jury charge complaint is whether the party made the trial court aware of the complaint, timely and plainly, and obtained a ruling. *State Dep't of Highways & Publ. Transp. v. Payne*, 838 S.W.2d 235, 241 (Tex.1992).

However, where an appellant contends that the trial court improperly omitted a question or instruction on an issue in the charge, the appellant must do more than just object to preserve the issue on appeal. The failure to submit the question shall not be deemed a ground for reversal of the judgment "unless a substantially correct definition or instruction has been requested in writing and tendered by the party complaining of the judgment." TEX.R. CIV. P. 278; *see Tex. Gen. Indem. Co. v. Moreno*, 638 S.W.2d 908, 914 (Tex.App.-Houston [1st Dist.] 1982, no writ.) Thus, an appellant does not preserve the issue of an omitted instruction or question for appellate review unless the appellant: (1) tenders a written request to the trial court for submission of the question, (2) which is "in substantially correct wording." TEX.R. CIV. P. 278; *Tex. Dep't of Hum. Servs. v. Hinds*, 904 S.W.2d 629, 637–38 (Tex.1995); *Johns v. Ram–Forwarding, Inc.*, 29 S.W.3d 635, 638 (Tex.App.-Houston [1st Dist.] 2000, no pet.).

In this case, ASEP USA failed to submit a record on appeal establishing that (1) ASEP USA made an objection that gave the trial court notice that an instruction regarding "excuse of contract performance" should have been included in Question No. 1 and that (2) ASEP USA tendered a written request to the trial court for the inclusion of an instruction regarding excuse of performance that was in substantially correct form. The following is the entirety of the appellate record regarding ASEP USA's objections to Question No. 1:

> ASEP USA'S COUNSEL: Your Honor, we would object to Question No. 1 for its failure to include the instruction that we submitted in our proposed jury charge.
>
> TRIAL COURT: Okay. Denied—or overruled.
>
> ASEP USA'S COUNSEL: That's my only objection.

The referenced proposed jury instruction was not made a part of the appellate record; nor was there any discussion at the charge conference regarding the alleged "controlling issue" of excuse of performance. Given the record submitted on appeal, we are unable to determine whether ASEP USA put the trial court on notice that an instruction was necessary or whether ASEP USA's proposed instruction was "substantially correct." Likewise, we cannot discern whether the objection to the charge argued on appeal comports with the objection made at trial. Accordingly, ASEP USA has waived any complaint of error on this issue, and we overrule the third issue. TEX.R. CIV. P. 278; TEX.R.APP. P. 33.1.

■ Next, ASEP USA contends that Question No. 1 was defective and the trial court erred in submitting this question to the jury because the question required the jury to make findings regarding the existence of alter ego and a common business enterprise even though those issues were

not supported by the pleadings. ASEP USA also waived any error regarding this issue. As shown above, in the brief exchange with the trial court during the charge conference, ASEP USA did not assert this basis for objecting to Question No. 1 and thus did not preserve this issue on appeal. Tex.R. Civ. P. 274. Accordingly, we overrule the second issue.

## Question No. 3

■ In its fourth issue, ASEP USA contends that the trial court erred by submitting Question No. 3, regarding promissory estoppel, because this issue was inconsistent with Question No. 1 and would confuse the jury. Specifically, ASEP USA argues that breach of contract and the theory of promissory estoppel are mutually exclusive and cannot be submitted in the same charge because one depends upon the existence of a contract whereas the other depends on the absence of a contract. We disagree.

Question No. 3, as submitted to and answered by the jury, read as follows:

You are instructed to answer Question No. 3 only if you did not answer "Yes" to Question No. 1.

Question No. 3: Did Michael D. Cole substantially rely to his detriment on promises made by ASEP USA, Inc., if any, and was this reliance foreseeable by ASEP USA, Inc.?

The following is the entirety of the appellate record regarding ASEP's objections to Question No. 3:

ASEP'S COUNSEL: We object to Question No. 3 being submitted at all for the reason that it is inconsistent

with the submission of the breach of contract question, No. 1.

TRIAL COURT: Overruled.

■ The submission of alternate theories of relief, including the apparently contradictory theories of breach of contract and promissory estoppel, is not error. *See In re Kellogg Brown & Root, Inc.,* 166 S.W.3d 732, 740 (Tex.2005). The trial court may properly disregard the findings on promissory estoppel after the jury found that there had been a breach of contract. *See id.*[1]

Accordingly, the trial court did not abuse its discretion in submitting Question No. 3, and we overrule the fourth issue.

## Proper Presentation of Appeal

■ In its fifth issue, ASEP USA contends that the trial court erred by failing to state the theory of recovery that formed the basis of the final judgment, thus preventing ASEP USA from properly presenting its appeal. We disagree.

The judgment states that the theory of recovery for Cole's damages is breach of contract. The judgment provides in pertinent part as follows:

It is therefore ORDERED, ADJUDGED and DECREED that the plaintiff be awarded the following according to the verdict submitted by the jury:

1. The amount of $100,000.00 *for the Defendant's failure to comply with the terms of the written agreement entered into between the parties.*

(Emphasis added.)

Accordingly ASEP USA is not in any way prevented from appealing this final judgment, and this issue is overruled.

---

1. To the extent that, on appeal, ASEP USA is challenging Question No. 3 on grounds not set forth in its objection to the trial court during the charge conference, we overrule these points of error. *See* Tex.R. Civ. P. 274 (providing that party objecting to charge must point out distinctly the objectionable matter and grounds of objection); Tex.R.App. P. 33.1 (providing that party must make timely objection to preserve error for appellate review).

## Attorney's Fees

### Promissory Estoppel

In its seventh issue, ASEP USA contends that the trial court erred in awarding attorney's fees if the award was based on promissory estoppel. Because the award was based on breach of contract, not promissory estoppel, we hold that the trial court did not err in awarding attorney's fees.

We overrule the seventh issue.

### Rule 11 Agreement

■ In its sixth and eighth issues, ASEP USA contends that the trial court should have enforced the parties' Rule 11 agreement, which set the maximum amount of attorney's fees. We disagree.

The letter on which ASEP USA relies was not a "Rule 11 agreement." Rule 11 provides that no agreement between attorneys or parties will be enforced unless it is in writing, signed, and filed with the court. TEX.R. CIV. P. 11. Here, the letter at issue was signed only by one party. Thus, it was not a valid Rule 11 agreement, and the trial court did not err in awarding attorney's fees in an amount greater than the amount referenced in the letter. *See id.*

We overrule the sixth and eighth issues.

### Appellate Fees

■ In its ninth issue, ASEP USA contends that there was no evidence to support an award of more than $25,000 in attorney's fees for an appeal.

■ The reasonableness of attorney's fees is a fact question for the jury. *See Ragsdale v. Progressive Voters League,* 801 S.W.2d 880, 882 (Tex.1990). In reviewing an attorney's fee award for excessiveness, we may draw upon our common knowledge as justices of the court and our experience as lawyers and judges. *C.M. Asfahl Agency v. Tensor, Inc.,* 135 S.W.3d 768, 802 (Tex.App.-Houston [1st Dist.] 2004, no pet.). Factors we may consider in determining whether attorney's fees are reasonable include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

(2) the likelihood ... that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Arthur Andersen & Co. v. Perry Equip. Corp.,* 945 S.W.2d 812, 818 (Tex.1997); *Asfahl,* 135 S.W.3d at 802. We must be mindful, however, that we are reviewing a jury's verdict and may not substitute our judgment for that of the fact finder. *Asfahl,* 135 S.W.3d at 803.

Cole's trial counsel offered expert-witness testimony in support of the attorney's fees sought for trial and appeal. The expert testified that labor and employment law is a legally intensive discipline and that he had spent approximately 180 hours on Cole's case. The fee agreement included a reduced fee of $95 per hour, with a $10,000 cap, plus a 20% contingency fee on damages awarded, plus an additional 25% contingency fee in the event of an appeal.

The trial court admitted counsel's supporting documentation, including invoices and time sheets. ASEP USA questioned Cole's counsel, but did not offer any rebuttal evidence. The jury's award of $25,000 in the event of an appeal to this Court was exactly 25% of the damages awarded—$100,000—and the award of $30,000 in the event of an appeal to the Texas Supreme Court was approximately 25% of the damages awarded plus attorney's fees for the appeal to an intermediate court.

Having reviewed the evidence in light of the *Arthur Andersen* factors, we conclude that there was more than a scintilla of evidence to support the jury's award of attorney's fees in the event of an appeal. *See Arthur Andersen,* 945 S.W.2d at 818.

We overrule the ninth issue.

**Conditional Award**

In its 10th and final issue, ASEP USA contends that the trial court erred by entering a judgment for attorney's fees without conditioning the award upon a successful defense of the judgment. We agree.

The record reflects that this condition was not made part of the judgment. Reasonable attorney's fees should be contingent upon the success of the appeal. *See Pao v. Brays Village E. Homeowners Ass'n, Inc.,* 905 S.W.2d 35, 38–39 (Tex. App.-Houston [1st Dist.] 1995, no writ). The proper remedy is for this Court to reform the judgment and thus we sustain this issue. *See id.*

**Conclusion**

We reform the judgment to read that, in the event of appeal by ASEP USA, the award of additional attorney's fees to Cole is conditioned upon Cole's prevailing on appeal. As reformed, we affirm the trial court's judgment.