IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00043-CV

 

Selma Clyde Gober,

                                                                      Appellant

 v.

 

Darlene Lester Davis,

                                                                      Appellee

 

 



From the 87th District Court

Limestone County, Texas

Trial Court No. 02-402-B

 



MEMORANDUM  Opinion










 

      John Lester sued Selma Clyde Gober
and others for partition of real property.  Gober, Steven A. Neal, as executor
of the estate of Selma Glenda Hagen, and others filed a third-party complaint
against Lester and Darlene Lester Davis, which complaint alleged tortious
interference with inheritance and other claims, and sought rescission of an
account agreement and a declaratory judgment.  All issues except the partition
were tried to a jury.  The jury found for Lester, found for Gober on her
interference claim, and made factual findings supporting the declaratory
judgment.  The trial court granted declaratory judgment, and granted no relief
on Gober’s other claims.  The trial court severed the issues tried.  Gober
appeals, and Lester and Davis cross-appeal.  We affirm.

      Appellant Gober’s Issue.  In Gober’s issue, she contends
that the trial court erred in overruling Gober’s motion to reform the
judgment.  That motion sought a judgment awarding Gober damages found by the
jury for interference with her inheritance from Hagen. 

      Davis completed and Hagen signed a deferred annuity contract application which designated Davis as sole
beneficiary of an annuity account owned by Hagen.  Without such a designation,
the account proceeds would pass under the residuary clause of Hagen’s will,
under which Gober and Davis shared equally.  Gober and Neal’s third-party
complaint alleged that Davis tortiously interfered with Gober’s inheritance
from Hagen by virtue of the application, and sought a declaratory judgment that
the beneficiary designation was “void.”  (1 C.R. at 20.)  The jury found that Davis tortiously interfered with Gober’s inheritance and thereby proximately caused
damages to Gober.  (Id. at 71-72.)  Instructed to find Gober’s damages
“in dollar and cents, if any,” the jury found them at  “$ ½ of the annuity .”  (Id. at 73.)  No party objected to
the apparent informality of that answer.  The jury also found that by signing
the deferred-annuity application Hagen did not “intend[] thereby to make
Darlene Lester Davis the sole beneficiary of the annuity.”  (Id. at
66.)  The trial court rendered judgment declaring the beneficiary designation
“set aside, canceled and held for naught.”  (2 id. at 121.)  The trial
court’s judgment did not award damages.    

      Gober argues that the trial
court erred in disregarding the jury’s determination of damages for
interference with inheritance.  “[T]he jury’s answers . . . may only
be disregarded if they have no support in the evidence or if they are
immaterial.”  Se. Pipe Line Co. v. Tichacek, 997 S.W.2d 166, 172 (Tex. 1999); In re Rose, 144 S.W.3d 661, 716 (Tex. Rev. Trib. 2004), aff’d, 48
 Tex. Sup. Ct. J. 104 (Tex. Nov. 5, 2004).  “A question is immaterial when it
should not have been submitted, . . . or when it was properly
submitted but has been rendered immaterial by other findings.”  Se. Pipe
Line Co. at 172; Rose at 716; accord Tex. Genco, LP v. Valence
Operating Co., 187 S.W.3d 118, 125 (Tex. App.—Waco 2006, pet. denied). 
“Issues are only immaterial if their answers can be found elsewhere in the
charge or if they cannot alter the effect of the verdict.”  Fleet v. Fleet, 711
S.W.2d 1, 2 (Tex. 1986) (per curiam).  

      The jury’s finding that Hagen did not intend to designate Davis as beneficiary rendered the jury’s answers on
interference with inheritance immaterial.  Based on the jury’s finding on the
beneficiary designation, the trial court rendered declaratory judgment that the
designation was void.  In Gober and Neal’s cross-appellees’ brief, Gober
concedes that the trial court did not err in declaring the beneficiary
designation void.  The parties agree that under that judgment the cash
surrender value of the account would become part of Hagen’s estate; no annuity
would be paid.  The jury’s determination of damages of half of the annuity was
of no effect.

      Gober also argues that the
trial court could not have disregarded the questions on interference with
inheritance without a written motion to do so, and that there was no motion to
disregard.  However, “a trial court can sua sponte disregard a jury’s answer to
an immaterial question.”  Hall v. Hubco, Inc., No. 14-05-00073-CV, 2006 Tex. App. LEXIS 1037, at *16 (Tex. App.—Houston [14th Dist.] Feb. 9, 2006, pet. denied); accord
Rapp v. Mandell & Wright, P.C., 127 S.W.3d 888, 893 (Tex. App.—Corpus
Christi 2004, pet. denied); Dobbins v. Redden, 759 S.W.2d 477, 479 (Tex.
App.—San Antonio 1988), aff’d as modified on other grounds, 785 S.W.2d
377 (Tex. 1990) (per curiam); see Tex.
R. Civ. P. 301.  

      Gober does not show that the
trial court erred in disregarding the jury’s determination of damages for
interference with inheritance.  We overrule Gober’s issue.

      Cross-Appellants Lester and Davis’s Issues.[1]  

      Attorney’s
Fees.  In Lester and Davis’s first
issue, they contend that the trial court erred in overruling their objection to
the submission of the issue of Neal’s attorney’s fees.  

      “As a prerequisite to
presenting a complaint for appellate review, the record must show that
. . . the complaint was made to the trial court
. . . .”  Tex. R. App. P.
33.1(a); see Tex. R. Civ. P.
274, 278.  “The arguments asserted at trial . . . must comport with
the arguments asserted on appeal.  Otherwise, the issue is not properly
preserved” and is waived.  In re C.Q.T.M., 25 S.W.3d 730, 737 (Tex.
App.—Waco 2000, pet. denied) (child custody); see In re L.M.I., 119
S.W.3d 707, 710-11 (Tex. 2003) (parental-rights termination); ASEP USA, Inc.
v. Cole, 199 S.W.3d 369, 377 (Tex. App.—Houston [1st Dist.] 2006, no pet.).


      Lester and Davis’s trial
objection was that attorney’s fees were not recoverable in an action “seeking
to obtain title to property.”  (4 R.R. at 59; see id. at 60.)  On
appeal, Lester and Davis argue that Gober and Neal “improperly attempt[ed] to
plead the U[niform ]‌D[eclaratory ]‌‌J[udgments ]‌‌A[ct]
solely for the purpose of recovering attorneys’ fees.”  (Br. at 12); see Tex. Civ. Prac. & Rem.
Code Ann. §§ 37.001-37.011 (Vernon 1997 & Supp. 2006).  

      Lester and Davis’s complaint
on appeal does not comport with their objection at trial.  Lester and Davis
fail to present a complaint for appellate review.[2]  We overrule Lester and Davis’s first issue.

      Declaratory
Judgment.  In Lester and Davis’s
second issue, they contend that the trial court erred in rendering judgment
that the designation of Davis as beneficiary of Hagen’s annuity was void.  

      Lester and Davis argue that
they need not have preserved their complaint.  Cf. Tex.
R. App. P. 33.1(a); Tex. R. Civ.
P. 279.  We assume without deciding that they preserved the complaint.  

      Lester and Davis argue that
there were no jury findings on Gober and Neal’s claim for rescission of the
annuity account agreement, and that the trial court thus erred in granting
relief.  The trial court granted relief on Gober and Neal’s
declaratory-judgment claim, which sought a judgment that the beneficiary
designation was void, and not on the rescission claim.  

      Lester and Davis do not show
that the trial court erred in granting the declaratory judgment.  We overrule
Lester and Davis’s second issue.

      Costs.  In Lester and Davis’s third issue, they contend the
trial court erred in awarding Gober and Neal costs against Davis, and in not
awarding Lester his costs.  

      Parties must “give notice to
the trial court of their dissatisfaction with the assessment of costs” in order
to complain of that assessment on appeal.  Portland Sav. & Loan
Ass’n v. Bernstein, 716 S.W.2d 532, 541 (Tex. App.—Corpus Christi 1985,
writ ref’d n.r.e.), overruled on other grounds, Dawson-Austin v. Austin, 968 S.W.2d 319, 323 (Tex. 1998); see Tex.
R. App. P. 33.1(a); Tex. R. Civ.
P. 131.  A party “fail[s] to preserve its issue regarding taxation of
costs” where “it fail[s] to make a timely objection.”  Guitar Holding Co. v.
 Hudspeth County Underground Water Conserv. Dist., 209 S.W.3d 146, 171 (Tex. App.—El Paso 2006, no pet.); cf. Dueitt v. Arrowhead Lakes Prop. Owners, Inc., 180
S.W.3d 733, 741-42 (Tex. App.—Waco 2005, pet. denied).  

      Lester and Davis did not
timely complain of the trial court’s taxation of costs.  Lester and Davis do
not present a complaint for appellate review.  We overrule Lester and Davis’s
third issue.  

      Interest.  In Lester and Davis’s fourth issue, they contend
that the trial court erred in implicitly overruling their motion for judgment. 
Lester and Davis argue that the trial court erred in awarding Neal prejudgment
and postjudgment interest.  

      Lester and Davis’s motion
argued errors in the proposed judgment submitted by Gober and Neal.  We assume
without deciding that Lester and Davis’s motion otherwise preserves their
issue.  However, relevant to Lester and Davis’s fourth issue, their motion for
judgment concerns only prejudgment interest, and that only on an award of half
of the cash surrender value of the annuity account which Gober sought in her
proposed judgment.  The trial court did not award those damages to Gober. 
Lester and Davis’s appellate issue concerning interest awarded to Neal does not
comport with their trial complaint.

      Lester and Davis do not
present a complaint for appellate review.  We overrule Lester and Davis’s
fourth issue.

      CONCLUSION. 
Having overruled Gober’s and Lester and Davis’s issues, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice Reyna

Affirmed

Opinion delivered and filed April 18, 2007

[CV06] 









                [1] Gober and Neal argue that Lester and Davis failed to perfect their
appeal on a partial reporter’s record.  See Tex. R. App. P. 34.6(c)(1)-(4).  Lester and Davis timely
filed their notice of appeal.  Some three weeks later, they filed their request
for the reporter’s record, which request included their statement of issues to
be presented on appeal.  Gober and Neal argue that Lester and Davis’s request
failed to comply with Rule of Appellate Procedure 34.6(b)(1), which requires
that the appellant make the request “[a]t or before the time for perfecting the
appeal.”  Id. (b)(1).  The Texas Supreme Court has rejected Gober and
Neal’s argument: a delayed request for the reporter’s record satisfies Rule
34.6 where the appellee “does not allege that he was deprived of an opportunity
to designate additional portions of the reporter’s record, nor does he assert
that [the appellant]’s delay otherwise prejudiced the preparation or
presentation of his case.”  Bennett v. Cochran, 96 S.W.3d 227, 230 (Tex. 2002) (per curiam).  Gober and Neal have not designated additions to the reporter’s
record, and do not contend that Lester and Davis’s delay prevented Gober and
Neal from designating additions.  Nor do Gober and Neal allege prejudice from
the time of filing of Lester and Davis’s request.  Lester and Davis’s issues on
appeal are those stated in their request.  We have jurisdiction over Lester and
 Davis’s cross-appeal.





                [2] In any case, were we to hold that Lester and Davis preserved their
complaint, we would hold that the trial court did not err in awarding Neal his
attorney’s fees.  Neal sought, and the trial court rendered, a declaratory
judgment.  The Uniform Declaratory Judgments Act provides for the award of
attorney’s fees.  Tex. Civ. Prac. &
Rem. Code Ann. § 37.009 (Vernon 1997).  “[I]t is an abuse of
discretion to award attorney’s fees under the Uniform Declaratory Judgments Act
if the claim for declaratory relief is urged solely as a vehicle to obtain
attorney’s fees.”  Durham Transp. Co. v. Beettner, 201 S.W.3d 859, 873
(Tex. App.—Waco 2006, pet. denied); accord Bexar County Appraisal Review Bd.
v. First Baptist Church, 846 S.W.2d 554, 561 (Tex. App.—San Antonio 1993,
writ denied).  As Lester and Davis argue, “The use of the UDJA is
improper ‘when a party is seeking in the same action a different, enforceable
remedy, and a judicial declaration would add nothing to what would be implicit
or express in a final judgment for the enforceable remedy.”  (Br. at 12 (quoting Strayhorn v. Raytheon E-Systems, Inc., 101 S.W.3d 558, 572 (Tex.
App.—Austin 2003, pet. denied))); see Durham Transp. at 873.  Lester and
Davis argue that Neal “sought the same relief in the claims for tortious
interference with an inheritance right as they [sic] did in the pleadings under
the UDJA.”  (Br. at 12.)  The award of monetary damages sought under the
interference claim would not be tantamount to a declaration that the
beneficiary designation was void under the declaratory-judgment claim.  The
trial court did not abuse its discretion in awarding Neal his attorney’s fees.